**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 97-10479
(Summary Calendar)

HAMEED MALIK,

Plaintiff-Appellant,

versus

MOTOROLA, INC., GENE PATTON,
and CRAIG HILDERBRAND,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Texas
(CA 3-95-CV-2689-R)

February 17, 1998

Before JONES, SMITH, and STEWART, Circuit Judges.

STEWART, Circuit Judge:*

This is an appeal of an order of summary judgment entered by the district court. The district court held that appellant failed to establish a prima facie case of discrimination under Title VII, 42 U.S.C. § 2000e et seq. For the following reasons we affirm the judgment below.

BACKGROUND

Appellant Hameed Malik was hired by appellee Motorola in 1979. From 1979 until 1985, Malik worked in Motorola's Chicago office.

*Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR R. 47.5.4.

In 1985, after having been terminated by Motorola, Malik, who is of Pakistani decent, filed a charge with the EEOC alleging that he was discriminated against based on his race and national origin. In settlement of this charge, Malik was rehired and transferred to Motorola's Dallas office. Under the settlement agreement, no record of Malik's having filed a complaint with the EEOC was to be kept in his personnel file at either the company's corporate headquarters or the Dallas office. Malik, however, maintains that despite this provision of his settlement with Motorola, his supervisors in Dallas were aware of the circumstances under which he came to be transferred from the Chicago office. Malik further maintains that, as a result of his supervisors' knowledge of his having filed a discrimination charge against Motorola, he was subjected to retaliation. In particular, Malik claims that he was denied training, passed over for promotions, and ultimately, in 1993, forced to resign from his position with Motorola.

## STANDARD OF REVIEW

We review the grant of summary judgment de novo. Guillory v. Domtar Industries, Inc., 95 F.3d 1320, 1326 (5th Cir. 1996). The same summary judgment standard that applies to the district court applies to this Court. Summary judgment is warranted when the record, as a whole, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c); Celotex v. Catrett, 477 U.S. 317, 322 (1986).

## DISCUSSION

In order to establish a prima facie case of retaliation, the complaining party must demonstrate that (1) he engaged in activity protected by Title VII, (2) an adverse employment action occurred, and (3) a causal connection exists between the participation in the protected activity and the adverse employment decision. Shirley v. Chrysler First, Inc. 970 F.2d 39, 42 (5th Cir. 1992); Gonzalez v. Carlin, 907 F.2d 573, 578 (5th Cir. 1990).

There is no dispute over whether Malik's 1985 complaint to the EEOC constituted a protected activity. There does, however, exist the question of whether any adverse employment action occurred. We will assume arguendo that Malik was able to show that Motorola's failure to provide him with the training it provided to other similarly situated employees. We will also assume that this omission lead to his being passed over for promotions and his eventual resignation and that, collectively, these omissions constituted adverse employment action. Yet, we nonetheless agree with the district court that Malik cannot establish that, but for the protected activity, the adverse employment action would not have occurred. The connection between the complaint that Malik filed with the EEOC and his eventual resignation from Motorola eight years later is far too tenuous. Accordingly, we AFFIRM.